FILED

2022 Sep-30  AM 08:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

MATTHEW SHERMAN PHILLIPS,  )
)
    Petitioner,  )
)
v.  )    Case No.4:21-cv-01124-AMM-HNJ
)
GOVERNOR  KATHERINE  IVEY,  et  )
al.,  )
)
    Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

The  Magistrate  Judge  entered  a  report,  Doc.  35,  on  July  29,  2022,
recommending that the court **DENY** Petitioner Matthew Sherman Phillips's § 2254
petition, Doc. 1, as untimely filed and **DISMISS** his claims **WITH PREJUDICE**.
The  Magistrate  Judge  further  recommended  that  the  court  **DENY**  Mr.  Phillips's
Motion to Stay and Abeyance Order, Doc. 18, and his Motion Showing Cause and
Prejudice, which includes his request for appointment of counsel and an evidentiary
hearing, Doc. 23; **GRANT** Mr. Phillips's Motions to Expand Record, Docs. 25, 27;
**DENY**  Mr.  Phillips's  Motion  for  Statutory  and  Equitable  Tolling,  Doc.  24;
**OVERRULE**  Mr.  Phillips's  Objection  to  Rule  5(e)  Denial,  Doc.  28;  **DENY**  Mr.
Phillips's  Motion  to  Subpoena  Witness  Testimony,  Doc.  30;  **DENY**  Mr.  Phillips's
Motion  to  Declare  AEDPA  Unconstitutional,  Doc.  31;  and  **DENY**  Mr.  Phillips's
Motion  for  Fundamental  Miscarriage  of  Justice  Exception,  Doc.  32.  The  court

received Mr. Phillips's Objection to the Report and Recommendation on August 12, 2022. Doc. 36.

Mr. Phillips's Objection consists of fifty-three numbered paragraphs totaling fifteen pages. Doc. 36. The court will not discuss arguments in Mr. Phillips's Objection addressed in the Report and Recommendation, as the Magistrate Judge correctly found Mr. Phillips filed his § 2254 habeas petition outside of the applicable one-year statute of limitations; Mr. Phillips failed to show due diligence in pursuing his rights, which precludes equitable tolling of the statute of limitations; and Mr. Phillips failed to establish a colorable claim of actual innocence, which precludes the application of the exception that allows federal review of untimely habeas claims to prevent a fundamental miscarriage of justice.[1] Neither will the court discuss objections that, even if meritorious, would not change the finding that Mr. Phillips's petition is untimely.

## I.    GLOBAL OBJECTIONS

### A.    Liberal Construction of Phillips's *Pro Se* Pleadings

---

[1] Mr. Phillips pleaded guilty on August 11, 2008, and the state court sentenced him on November 20, 2008. Doc. 35 at 1. Mr. Phillips did not file this petition until August 14, 2021, well over a decade after his sentencing. Doc. 1 at 16. And almost six years passed between the time the Alabama Court of Criminal Appeals ("ACCA") issued its November 17, 2011, Certificate of Judgment in the appeal relating to Mr. Phillips's 2010 Rule 32 Petition, Doc. 14-9, and the time Mr. Phillips filed his 2017 Rule 32 Petition on October 16, 2017, Doc. 14-10 at 13. *See* Doc. 35 at 6 n.4, 6-7 n.5, 9 n.7, 26 n.15.

2

The court liberally construes *pro se* pleadings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but the court may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (cleaned up). Mr. Phillips argues the Magistrate Judge failed to liberally construe his pleadings. Doc. 36 at 1; 3 ¶¶ 9, 11; 7 ¶¶ 20, 22–23; 8 ¶ 27; 10 ¶ 37. But Mr. Phillips points to no errors of fact or legal reasoning, and the court discerns none.

Mr. Phillips objects that the Magistrate Judge failed to liberally construe his directive to his second post-conviction counsel to "proceed, proceed with whatever," and that the Magistrate Judge should have found that Mr. Phillips "expressed concern in seeking justice" and did not consent to counsel's projected filing date of January 2014 for a Rule 32 petition successive to his 2010 Rule 32 Petition. Doc. 36 at 7 ¶¶ 22–23). But the record does not support the meaning Mr. Phillips now proposes in his objection. *See* Doc. 35 at 30–31.

Mr. Phillips objects to pages 32 through 34 of the Report and Recommendation because he says that he would need to subpoena his medical records from the Alabama Department of Corrections ("ADOC") to prove that his Bi-polar Disorder Type II resulted in difficulties so profound that they prevented him from timely filing his habeas petition. Doc. 36 at 8 ¶ 27. But Mr. Phillips does not explain why he would need a subpoena to obtain a copy of his own medical

3

records, and even if Mr. Phillips obtained such records they would not establish a basis for equitable tolling. *See* Doc. 35 at 32–33.

In his petition, Mr. Phillips asserted he experienced the following difficulties due to his bipolar disorder:

> I was a negligent person as I suffered and still suffer from Bi-polar Disorder Type II as a manic depressant, giving up on life, but since 2016 I have been diagnosed and receive treatment to assist me in daily life and social situations . . . I am able to comprehend matters more easily, able to organize racing thoughts . . . Had it not been for this disability . . . I would have been able to comprehend the law better to understand the significance of Reckless Murder, that I could never be found guilty of at a fair and impartial trial . . . .

Doc. 1 at 13–14. In his Objection, Mr. Phillips further asserts he "stays depressed, hopeless, angry, agitated, and defenseless." Doc. 36 at 8 ¶ 27. No matter how liberally they are construed, these assertions do not establish that "his bipolar disorder resulted in difficulties so profound they prevented him from timely filing his federal habeas petition." *See* Doc. 35 at 32–33; *see also Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005) (finding petitioner's contention that he suffered from mental impairments his entire life "insufficient to justify equitable tolling").

Mr. Phillips objects to note 17 on page 41 of the Report and Recommendation on the ground that a liberal construction of his claim that his attorney provided ineffective assistance of counsel in failing to object to the State's use of Mr.

Phillips's driving record at his sentencing hearing would encompass a claim that the State's use of his driving record violated his rights. *See* Doc. 36 at 10 ¶ 37. But even if the court construed his claim in the way Mr. Phillips proposes, that claim would fail as untimely. Accordingly, Mr. Phillips's objections that the Magistrate Judge improperly construed his arguments are **OVERRULED**.

### B. *Pro Se* Status and Ignorance of the Law

Throughout his Objection, Mr. Phillips argues the rules should not apply to him due to his *pro se* status and ignorance of the law. Doc. 36 at 4 ¶ 12; 6 ¶ 16; 8 ¶ 26. In support of this proposition, Mr. Phillips cites *Powell v. Alabama*, 287 U.S. 45 (1932), in which, according to Mr. Phillips, the Supreme Court "specifically stated a person not an attorney cannot be deemed to know the rules of court." Doc. 36 at 8 ¶ 26. But as the Supreme Court has explained: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005). The Magistrate Judge correctly found Mr. Phillips's *pro se* status and procedural ignorance do not establish cause to excuse the untimeliness or procedural default of the claims asserted in Mr. Phillips's § 2254 habeas petition. *See* Doc. 35 at 32, 57. Accordingly, Mr. Phillips's objection that the Magistrate Judge failed to account for his *pro se* status is **OVERRULED**.

### C. Eyewitness Exculpatory Evidence

5

Mr. Phillips objects to eyewitness exculpatory evidence not being admitted into evidence. Doc. 36 at 14 ¶ 52. But as the Magistrate Judge found in his Report and Recommendation, Mr. Phillips did not establish the existence of eyewitness exculpatory evidence. *See* Doc. 35 at 34–35. Mr. Phillips wrongly asserts the Magistrate Judge cited the incorrect exhibit in his Report and Recommendation. Doc. 36 at 8 ¶ 28. Mr. Phillips did not argue in his Motion for Fundamental Miscarriage of Justice Exception that the Alabama Department of Public Safety Traffic Homicide Technical Assistance Report constituted an exculpatory statement. *See* Doc. 32 at 1–2. Rather, Mr. Phillips argued the State Troopers lied in the report, altered the report, made no reference to the "independent witness," and made statements in the report inconsistent with the laws of physics. Doc. 32 at 1–2. Accordingly, Mr. Phillips's objection that the Magistrate Judge failed to consider eyewitness exculpatory evidence is **OVERRULED**.

**D.    *Clisby* Violation**

Mr. Phillips argues the Magistrate Judge failed to resolve all his claims in violation of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), because the Report and Recommendation "did not address the merits" of or misconstrued Phillips's claims. Doc. 36 at 14–15 ¶ 53. In *Clisby*, the Eleventh Circuit instructed district courts "to resolve all claims for relief raised in a petition for writ of habeas corpus." 960 F.2d at 936. *Clisby* does not require the court to discuss the merits of each of Mr. Phillips's

claims; it requires the court to resolve all his claims. *See id.* The Magistrate Judge's report recommended a resolution of all Mr. Phillips's claims by finding that equitable tolling and the fundamental miscarriage of justice exception do not apply; upon adoption by this court, that resolution means that Mr. Phillips's claims are untimely and not subject to federal habeas review. *See Locascio v. Fla. Dep't of Corrs.*, 687 F. App'x 832, 833 (11th Cir. 2017) (per curiam) (finding the district court complied with *Clisby* where the magistrate judge found petitioner failed to exercise due diligence in pursuing collateral relief and the district court later adopted that finding which was "dispositive as to [petitioner's] claim of equitable tolling"). Accordingly, Mr. Phillips's objection based on *Clisby* is **OVERRULED**.

## II.   AEDPA STATUTE OF LIMITATIONS

The Magistrate Judge correctly analyzed and applied 28 U.S.C. § 2244(d)(1)(A) & (C) to Mr. Phillips's claims. Regardless of the subsection Mr. Phillips travels under, all his claims are time-barred. *See* Doc. 35 at 17–23.

### A.   Statutory Tolling

Mr. Phillips argues his "reasonable diligence" entitles him to statutory tolling, but Mr. Phillips misstates the law. *See* Doc. 36 at 5 ¶ 15. Statutory tolling applies only when a properly filed application for post-conviction relief remains pending in the state court, *see* 28 U.S.C. § 2244(d)(2), and the Magistrate Judge analyzed this issue correctly.

7

**B.      Equitable Tolling**

Mr. Phillips raises several objections to the Magistrate Judge's equitable tolling analysis. Mr. Phillips first objects to the recommendation regarding Mr. Phillips's claims about the August 11, 2008, guilty-plea colloquy. During that colloquy, the Circuit Court informed Mr. Phillips he did not have the right to appeal his conviction and sentence. The Magistrate Judge determined that the Circuit Court's declaration does not constitute an extraordinary circumstance warranting equitable tolling, Doc. 35 at 28–29, or cause to excuse Mr. Phillips's procedural default, Doc. 35 at 56. Mr. Phillips cites in his objection to Rule 14.4 of the *Alabama Rules of Criminal Procedure* which, according to Mr. Phillips, required the Circuit Court judge who presided over his sentencing hearing to personally inform Mr. Phillips of his limited right to appeal. Doc. 36 at 6–7 ¶ 18; 11 ¶ 43. Mr. Phillips further asserts he never read the Defendant's Statement of Waiver of Rights and Plea of Guilty ("Waiver of Rights"). Doc. 36 at 6 ¶ 18.

The Circuit Court satisfied Rule 14.4. That rule provides, in pertinent part:

(a) COLLOQUY WITH DEFENDANT. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:

(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:

> (viii) The fact that there is no right to appeal unless the defendant has, before entering the plea of guilty, expressly reserved the right to appeal with respect to a particular issue or issues, in which event appellate review shall be limited to a determination of the issue or issues so reserved[.]
>
> (d) USE OF FORM. The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form C-44B, CR-51, CR-52, or Form C-44A, as the case may be.

Mr. Phillips, Mr. Phillips's attorney, and the Circuit Court judge all signed Form CR-51. Doc. 14-10 at 34–35. Form CR-51 informed Mr. Phillips of his limited right to appeal. Doc. 14-10 at 35. And at the August 11, 2008, hearing where Mr. Phillips pleaded guilty, Mr. Phillips stated he read the Waiver of Rights, his attorney explained the document to him, and he had the opportunity to ask his attorney questions. Doc. 14-32 at 28, 30.

Mr. Phillips's present suggestion that he never read the Waiver of Rights, if true, reveals he did not exercise due diligence as required for the application of equitable tolling. And in any event, if Mr. Phillips did not read the Waiver of Rights, he has failed to establish the "cause" required to excuse procedural default because that failure does not constitute an "objective factor external to the defense." *See* Doc. 35 at 52.

Mr. Phillips next argues his first post-conviction counsel's failure to advise him of his right to appeal after the Circuit Court denied his Motion to Reconsider,

Withdrawal of Guilty Plea, or Arrest of Judgment ("Motion to Withdraw Guilty Plea"), and counsel's failure to appeal the Motion to Withdraw Guilty Plea, also support the application of equitable tolling to his case. Doc. 36 at 7 ¶¶ 19, 21. The court rejects this argument for the same reasons the Magistrate Judge rejected Mr. Phillips's equitable tolling argument: Mr. Phillips fails to explain how his attorney's alleged failures prevented Mr. Phillips from timely filing his federal habeas petition. Doc. 35 at 28–29.

To establish equitable tolling, Mr. Phillips further relies on: his second post-conviction counsel's failure to return his legal documents to him for several years after he terminated her in 2014; the state court's alleged refusal to provide Mr. Phillips with copies of documents; and ADOC's refusal to allow Mr. Phillips's possession of the legal documents his family received from his second post-conviction counsel and mailed to him at his place of incarceration. Doc. 36 at 5–6 ¶¶ 15–17; 7 at ¶ 21; 8 at ¶ 24; 10–11 at ¶ 39. But all the conduct Mr. Phillips complains of occurred years after the statute of limitations expired on December 19, 2011, Doc. 35 at 26, and did not prevent Mr. Phillips from filing a timely habeas petition. Accordingly, it is not a basis for equitable tolling.

Mr. Phillips also argues that ADOC's failure to adequately update the law library provides a basis for equitably tolling the § 2244(d)(1)(C) limitations period as to his *Birchfield* claims. Giving his Objection a liberal construction, Mr. Phillips

appears to argue that 28 U.S.C. § 2244(d)(1)(B) applies to his *Birchfield* claims, and thus, the statute of limitations should run from the date the *Birchfield* opinion became available in the ADOC law library because ADOC's failure to maintain an adequate law library impeded Mr. Phillips from filing his habeas petition. Doc. 36 at 3–4 ¶¶ 11–12.

Pursuant to the Magistrate Judge's analysis, which the court adopts, the AEDPA statute of limitations expired on December 19, 2011. Doc. 35 at 26. The Supreme Court issued the *Birchfield* opinion on June 23, 2016, roughly four-and-a-half years after the statute of limitations expired. 579 U.S. at 438. Accordingly, ADOC's alleged failure to update the law library in 2016 did not impede Mr. Phillips's ability to timely file a habeas petition between November 20, 2008, the day of his sentencing, and December 19, 2011, the day the statute of limitations expired. In any event, Mr. Phillips failed to allege facts to establish his diligence in pursuing the *Birchfield* claims. *See Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) ("To show diligence, a petitioner claiming deficiencies in the prison law library must provide details of the specific actions taken toward filing the petition[,]" including "'when he found out about the library's alleged deficiency'" and "how the prison 'thwarted his efforts.'" (quoting *Helton v. Sec'y for Dep't of Corrs.*, 259 F.3d 1310, 1314 (11th Cir. 2001) (per curiam))). "Absent such evidence, the connection between the petitioner's untimely filing and any alleged inadequacies in the library

11

is insufficient." *Id.* (citing *Helton*, 259 F.3d at 1314). Accordingly, Mr. Phillips's objections to the Magistrate Judge's analysis of the AEDPA statute of limitations are **OVERRULED**.

### C.     Miscarriage of Justice/Actual Innocence

#### 1.     Mr. Phillips's Drift

Mr. Phillips objects to the Magistrate Judge's statement that Mr. Phillips "drifted out of his lane," and he argues the Magistrate Judge erred by relying on this fact in concluding Mr. Phillips failed to establish his actual innocence. Doc. 36 at 2 ¶¶ 5, 7; 9 ¶¶ 29, 31. Mr. Phillips asserts the affidavit the Magistrate Judge cited "does not state Phillips left his lane" and refers the court to note eight of page 12 of the Report and Recommendation "where the ACCA correctly summarized the facts." Doc. 36 at 2 ¶ 5.

In the paragraph Mr. Phillips challenges, the Magistrate Judge wrote: "On February 26, 2018, the Circuit Court received Phillips's Affidavit in Support of the Rule 32 Petition wherein Phillips swore under penalty of perjury: as he came over a hill on Highway 144 the sun blinded him, he heard the safety bumpers in the middle of the double yellow line, realized he drifted out of his lane, and immediately corrected by going back into his lane." Doc. 35 at 10–11. And the footnote to which Mr. Phillips refers states:

> The ACCA summarized Phillips's factual allegations as follows: "Phillips maintained that he ***never fully crossed*** the center line. He said that he was alerted when his tires hit the center emergency bumpers and ***immediately returned to his lane***, at which point Campbell swerved into [Phillips's] lane and caused the head-on collision."

Doc. 35 at 12, n.8 (emphasis added).

> Mr. Phillips's Affidavit provided, in pertinent part:

> 2.     On September 4, 2006, I was driving my auto around the river area, and I decided to return home. As I was traveling Westbound on U.S. Hwy 144, toward Ragland, Alabama, I topped the crest of a hill around 900 yards distance from Martins Crossing . . . Upon crossing the hill's crest and proceeding downslope the sun was blinding my vision. Suddenly and unbeknowing [sic] to me, I hit the safety bumpers in the middle of the double yellow lines, I remember "bump, bump, bump". On the third bump, ***I realized I was drifting*** and saw the truck and, without panic ***I eased back into my lane of travel*** . . . .

> 3.     I attest ***that my drift was corrected*** at the bumper warnings, in the middle of the yellow lines, my auto never drifted into the oncoming lane of travel by the truck, and ***my correction*** was so subtle and not panicked that there was no blacktop tire markings as where a forced or hard swerve would have been indicated by the Police investigation[.] I swear I collided with the truck in my lane of travel only, not his . . . .

Doc. 14-10 at 66–67 (emphasis added).

The Magistrate Judge properly considered Mr. Phillips's testimony and did not mischaracterize it. Mr. Phillips's objection is **OVERRULED**.

### 2.     The ACCA Did Not Find Mr. Phillips Innocent of DUI

Mr. Phillips next argues that the ACCA found him innocent of driving under the influence ("DUI"), which indicates Mr. Phillips must also be innocent of the reckless murder convictions predicated on him causing the death of two people while

driving under the influence of methamphetamine. *See* Doc. 36 at 10 ¶ 38. Mr. Phillips presented the following claim to the ACCA: whether Mr. Phillips's "25-year sentences for his reckless murder exceed the [10-year] maximum sentence limit provided in § 32-5A-9, Ala. Code 1975." Doc. 14-36 at 3. The issue whether Mr. Phillips drove under the influence was not before the ACCA. The ACCA found "Phillips ***was not convicted*** of a violation of Title 32, Chapter 5A and, thus, § 32-5A-9 does not apply to his case." Doc. 14-36 at 4 (emphasis added). That statement is not a finding that Mr. Phillips did not ***commit*** a violation under that Chapter. The ACCA did not hold Mr. Phillips innocent of DUI, nor did the ACCA hold the State failed to prove DUI. Rather, the ACCA held Mr. Phillips's reckless murder convictions not subject to the sentencing limitation found in § 32-5A-9 of the Alabama Rules of the Road Act. This objection by Mr. Phillips is **OVERRULED**.

### D.    Claim Eight Does Not Establish a Due Process Violation

Mr. Phillips next objects to the Magistrate Judge's finding that Claim Eight asserted in Mr. Phillips's habeas petition presented a question of state law. Doc. 36 at 10 ¶ 38. Mr. Phillips argues the court should consider his claim that his 25-year sentences for reckless murder exceeded the maximum sentence that could be imposed pursuant to § 32-5A-9 of the Code of Alabama because the ACCA admitted Mr. Phillips was "not convicted of DUI, which raises a due process constitutional

question . . . as *Grady v. Corbin*, 495 U.S. 508 (1990), held that DUI is a lesser included offense for homicide by vehicle." Doc. 36 at 10 ¶ 38.

Mr. Phillips misstates the Supreme Court's ruling in *Grady v. Corbin*, 495 U.S. 508 (1990), which in any event is no longer good law. In *Grady*, the Supreme Court held that the "Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. 508, 510 (1990) *overruled by United States v. Dixon*, 509 U.S. 688 (1993). In *United States v. Dixon*, the Supreme Court overruled *Grady*. 509 U.S. 688, 712 (1993). For these reasons, *Grady* does not apply to Mr. Phillips's claim.

Finally, Mr. Phillips did not present his "due process" claim to the Circuit Court, the ACCA, or the Alabama Supreme Court. As such, it is not properly exhausted and procedurally defaulted. *See* Doc. 35 at 45–51. This objection by Mr. Phillips is **OVERRULED**.

### E.   Mr. Phillips's Claims for Ineffective Assistance of Trial Counsel

Mr. Phillips next objects to the Magistrate Judge's finding that Mr. Phillips failed to argue his first post-conviction counsel inadequately raised his claims of ineffective assistance of trial counsel. More particularly, Mr. Phillips raises two arguments. *First*, Mr. Phillips asserts the Magistrate Judge misconstrued his claims

15

against his first post-conviction counsel. Doc. 36 at 11 ¶ 41. Specifically, Mr. Phillips claims he asserted his first post-conviction counsel "misadvised Phillips towards an appeal," "abandoned Phillips" by failing to communicate with Mr. Phillips or Mr. Phillips's family, and failed to appeal the denial of Mr. Phillips's Motion to Withdraw Guilty Plea or the denial of Mr. Phillips's 2009 Rule 32 Petition. Doc. 36 at 11 ¶ 41. But none of these claims allege that the first post-conviction counsel failed to raise a claim for ineffective assistance of trial counsel. As such, these claims do not establish cause to excuse procedural default: "Generally, ineffective assistance of counsel during state post-conviction proceedings does not constitute cause to excuse procedural default." Doc. 35 at 53.

*Second*, Mr. Phillips asserts he showed his counsel's "deficient performance and prejudice, as if [first post-conviction counsel] would have appealed either the [denial of the Motion to Withdraw Guilty Plea] or [the denial of the 2009] Rule 32 [petition], Phillips would have relief in court by testimony of what [trial counsel] stated in front of 4 . . . persons promising 20 split 5 and coaching Phillips on what to say." Doc. 36 at 11 ¶ 41. As this assertion reflects, the substance of Mr. Phillips's claim is that his first post-conviction counsel was inadequate because he failed to appeal, but that alleged deficiency is not cause to excuse Mr. Phillips's procedural default. *See* Doc. 35 at 52–55. Mr. Phillips's objection is **OVERRULED**.

### F.    Standard Applicable to *Pro Se* Litigants

16

Mr. Phillips next argues that the Magistrate Judge held him to a standard higher than that applicable to an attorney. *See* Doc. 36 at 11 ¶ 42; 12 ¶ 46. This objection fails for two reasons. *First*, the court has reviewed the record and finds no basis for the objection. *Second*, Mr. Phillips misstates the law. Mr. Phillips suggests that under *Coleman v. Thompson*, 501 U.S. 722 (1991), his negligence in failing to properly exhaust his claims cannot form the basis for finding he procedurally defaulted his claims. *See* Doc. 36 at 11 ¶ 42. But *Coleman* held that a petitioner's postconviction attorney's negligence does not qualify as "cause" for the purposes of the "cause and prejudice" exception allowing federal review of procedurally defaulted habeas claims. 501 U.S. at 752–54 ("[W]here the State has no responsibility to ensure that the petitioner was represented by competent counsel . . . it is the petitioner who must bear the burden of a failure to follow state procedural rules."). Accordingly, Mr. Phillips's objection is **OVERRULED**.

### G.   Notice of the Denial of Mr. Phillips's 2009 Rule 32 Petition

Mr. Phillips objects to the Magistrate Judge's finding that Mr. Phillips failed to establish that he did not receive notice of the Circuit Court's denial of Mr. Phillips's 2009 Rule 32 Petition. Doc. 36 at 6 ¶ 16; 11–12 ¶ 44. Mr. Phillips cites June 21, 2010, correspondence, Doc. 2 at 47, as proof that his attorney did not receive notice of the denial of his 2009 Rule 32 Petition. Doc. 36 at 2 ¶ 4; 6 ¶ 16; 11–12 ¶ 44. But throughout Mr. Phillips's filings, he distinguishes between whether

17

he received notice and whether his first post-conviction counsel received notice. *See*, *e.g.,* Doc. 1 at 4; Doc. 14-3 at 3. In his Motion Showing Cause and Prejudice, Mr. Phillips alleged he did not receive notice; that pleading does not assert that his attorney did not receive notice. *See* Doc. 23 at 1. Therefore, the Magistrate Judge properly addressed whether Mr. Phillip's alleged failure to receive notice provides cause to excuse Mr. Phillips's procedural default. Doc. 35 at 56. Accordingly, Mr. Phillips's objection is **OVERRULED**.

## III.   Mr. Phillips's Other Pending Motions

### A.   Motion to Stay and Abeyance Order

Mr. Phillips sought the imposition of a stay and abeyance order for Mr. Phillips "to fully exhaust unexhausted claims." Doc. 18 at 1. In his Objection Mr. Phillips argues the court should grant his motion because he now has access to his attorney's file and can prove his claims in state court. Doc. 36 at 9 ¶ 33. Mr. Phillips's § 2254 habeas petition is untimely, and further motions practice in state court will not change that. *See* Doc. 35 at 26–27. Mr. Phillips's motion is **DENIED**.

### B.   Motion Showing Cause and Prejudice

Mr. Phillips sought application of the "cause and prejudice" exception to his procedurally defaulted claims. Doc. 23. Even if Mr. Phillips established cause and prejudice to excuse the procedural default of his habeas claims, his petition remains untimely. And Mr. Phillips incorrectly states the law when he asserts he "cannot be

procedurally defaulted on claims not addressed on the merits." Doc 36 at 10 ¶ 39. For the reasons explained by the Magistrate Judge, this objection by Mr. Phillips fails and is **OVERRULED**. *See* Doc. 35 at 42–51.

### C.    Request for Evidentiary Hearing and Appointment of Counsel

Mr. Phillips argues that he is entitled to an evidentiary hearing and appointment of counsel based on "the record." Doc. 36 at 13 ¶ 49. Because Mr. Phillips's petition is untimely, these requests are **DENIED**.

### D.    Motion to Subpoena Witness Testimony

Mr. Phillips asks the court to subpoena witnesses to testify about ineffective assistance of counsel, the sentence he claims he was promised, and his allegations of lies and deceit. Doc. 30 at 1–2. In his Objection, Mr. Phillips does not assert the proposed witness testimony would add any new information to the record. *See* Doc. 36 at 13 ¶ 50. For this reason, and because Mr. Phillips's petition is untimely, Mr. Phillips's Motion to Subpoena Witness Testimony is **DENIED**.

### E.    Motion to Declare AEDPA Unconstitutional

The Magistrate Judge correctly observed that: "The Eleventh Circuit has consistently held that the one-year limitation of AEDPA does not constitute an unconstitutional suspension of the habeas writ." Doc. 35 at 62. Accordingly, Mr. Phillips's motion to declare AEDPA unconstitutional is **DENIED**.

### IV.    CERTIFICATE OF APPEALABILITY

Mr. Phillips suggests that he is entitled to a Certificate of Appealability because "reasonable jurists" disagree on whether *Birchfield* applies retroactively. Doc. 36 at 3 ¶ 10. But the Magistrate Judge did not decide whether *Birchfield* applied retroactively and specifically set aside that issue. Doc. 35 at 18–19.

Mr. Phillips failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). As such, this court will not issue a Certificate of Appealability.

After careful consideration of the record in this case and the Magistrate Judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, Mr. Phillips's § 2254 petition, Doc. 1, is **DENIED** and his claims are **DISMISSED WITH PREJUDICE** as untimely filed. A final judgment will be entered.

Furthermore, it is **ORDERED** that Mr. Phillips's Motion for Statutory and Equitable Tolling, Doc. 24, is **DENIED**; Mr. Phillips's Motion to Stay and Abeyance Order, Doc. 18, and Mr. Phillips's Motion Showing Cause and Prejudice, Doc. 23, which includes his request for appointment of counsel and an evidentiary hearing are **DENIED**; Mr. Phillips's Motions to Expand Record, Docs. 25 & 27, are **GRANTED**; Mr. Phillips's Objection to Rule 5(e) Denial, Doc. 28, is **OVERRULED**; and Mr. Phillips's Motion to Subpoena Witness Testimony, Doc. 30, Mr. Phillips's Motion to Declare AEDPA Unconstitutional, Doc. 31, and Mr.

Phillips's Motion for Fundamental Miscarriage of Justice Exception, Doc. 32, are

**DENIED**.

      **DONE** and **ORDERED** this 30th day of September, 2022.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE